# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| LASHUNDA R. BORDEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-CV-0163-VEH |
| | ) |
| CHEAHA REGIONAL MENTAL HEALTH, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

### I.  Introduction and Procedural History

On January 29, 2016, Plaintiff LaShunda R. Borden ("Ms. Borden"), who is proceeding *pro se*, initiated this miscellaneous Title VII application against her former employer, Defendant Cheaha Regional Mental Heath ("Cheaha"), alleging race and religious discrimination. (Doc. 1 at 5).[1] After reviewing Ms. Borden's filing, the court concluded that it could appropriately exercise subject matter jurisdiction over her case. (Doc. 2 at 2). However, the court perceived other problems with Ms. Borden's pleading and, on February 2, 2016, ordered her (i) to replead her claims in a manner consistent with the Federal Rules of Civil Procedure, and (ii) to attach a

---

[1] All page references to Doc. 1 correspond with the court's CM/ECF numbering system.

copy of her charge of discrimination filed with the EEOC.[2] (Doc. 2 at 2)

The court gave Ms. Borden 30 days–or until March 3, 2016–in which to comply with its order. *Id.* The court further expressly warned Ms. Borden that her failure to file an amended complaint as required by the court would result in her lawsuit being dismissed without prejudice. *Id.*

The record shows that the clerk's office mailed the repleader order to Ms. Borden a few days after it was entered (*see* CM/ECF margin entry dated Feb. 2, 2016, indicating "Order mailed to Plaintiff via USPS on this the 2nd day of February, 2016")), and yet the repleader deadline has passed without any filing from Ms. Borden. Under such circumstances and as explained more fully below, the court concludes that Ms. Borden's case against Cheaha is due to be dismissed without prejudice *sua sponte*.

**II.   Analysis**

As the foregoing procedural history reveals, Ms. Borden has neither complied with the requirement that she replead her claims nor provided any explanation to the court for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

---

[2] Additionally, the court permitted Ms. Borden to proceed *in forma pauperis*, but denied her separate request for the appointment of an attorney to represent her. (Doc. 2 at 1-2).

may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Ms. Borden's failure to comply with the repleader order or otherwise indicate an intent that she still wishes to pursue claims against Cheaha (*e.g.*, such as by seeking an extension of time in which to restate her claims and attach her EEOC charge), the court possesses the inherent power to dismiss her suit *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure [sic] prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an

order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring her to replead and to attach her EEOC charge, Ms. Borden was expressly put on notice that the court would consider dismissing her lawsuit for lack of prosecution if she failed to timely and adequately comply (Doc. 2 at 2) and, nonetheless, she ignored that warning and filed nothing. "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[3] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

    Guided by the foregoing legal framework, the court concludes that dismissing Ms. Borden's action against Cheaha "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Ms. Borden is representing herself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Ms. Borden's claims against Cheaha, if any, are not barred from further litigation by such an order. Additionally, a "without prejudice" dismissal is consistent the court's prior warning to Ms. Borden about the negative consequences for her in the event that she did not replead her claims as unambiguously ordered. (Doc. 2 at 2).

### III. Conclusion

Therefore, Ms. Borden's claims against Cheaha are due to be dismissed without prejudice in light of her failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's February 2, 2016, order for repleader. The court will enter a separate dismissal order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 8th day of March, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge